# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BABBAGE HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-764-JRG |
| | § | |
| TAKE-TWO INTERACTIVE SOFTWARE, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants Take-Two Interactive Software, Inc., Rockstar Games, Inc., 2KSports, Inc. and 2K Games, Inc. (collectively "Take-Two")'s Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. No. 30, filed February 21, 2014.) Take-Two moves the Court to transfer this case to the Northern District of California under 35 U.S.C. § 1404(a).

This is one of many cases filed by Plaintiff Babbage Holdings, LLC alleging infringement of U.S. Patent No. 5,561,811 (hereinafter "'811 patent") in this Court. The '811 patent relates to a multi-user multi-device system enables more than one user to control a single screen. Each user controls stored applications using one or more input devices, and the system produces a consistent view of all the applications on a single screen.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is

sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

"The idea behind s 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Van Dusen*, 376 U.S. at 622 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)) "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Section 1404(a) requires this discretionary "individualized, case-by-case consideration of convenience and fairness." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (quoting *Van Dusen*, 376 U.S. at 622).

## DISCUSSION

As an initial point, Take-Two did not file an individualized motion to transfer in this case. Instead, Take-Two filed a collective motion to transfer along with six other unrelated defendants. Each of these defendants, including Take-Two, filed an identical motion to transfer in its individual case. The collective motion addresses the facts of the unrelated defendants as a group and argues the transfer factors as a group. In this case, Plaintiff Babbage's response was individualized to its case with Take-Two. Take-Two's Reply was also a collective reply—identical to the one filed in six other cases—that did not specifically address Babbage's

individualized response. In addressing Take-Two's Motion to Transfer, the Court considers only the evidence presented in the collective motion that is specific to Take-Two and its case.

**A.      Proper Venue**

The Northern District of California and the Eastern District of Texas are proper venues.

**B.      Private Interest Factors**

**1.      Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Take-Two includes a February 21, 2014, declaration by Ms. Linda Zabriskie, Vice President and Associate General Counsel, of Take-Two Interactive, Software, Inc. (Dkt. No. 30-6.) According to Ms. Zabriskie "Take-Two is a Delaware corporation with its headquarters located in New York, New York." (*Id.* at 2.) "2K Games, Inc. ("2K Games") and 2K Sports, Inc. ("2K Sports") are wholly-owned subsidiaries of Take-Two and are also Delaware corporations." (*Id.*) "2K Games and 2K Sports are headquartered in Novato, California and developed MLB 2K13."[1] (*Id.*) "The research, design and development of MLB 2K13 was performed principally by Visual Concepts, a 2K Games studio, in Novato, California." (*Id.*) "Documents within the possession of 2K Games regarding the design and development of MLB 2Kl3 reside at its offices in Novato, California." (*Id.*) "To the extent 2K Games or 2K Sports are required to produce any witnesses in connection with this litigation, their known prospective witnesses with information relating to MLB 2K13 are located at or near the Novato, California

---

[1] Novatio, California is located in the Northern District of California.

office." (*Id.*) "In particular, employees knowledgeable about the development, sales, finance, and marketing of MLB 2K13- including Mark Little (development) and Andrew Blumberg (marketing and sales) - work in Novato, California and documents relating to the same can be found there." (*Id.*) "2K Sports or 2K Games employees knowledgeable about the development, sales or marketing of MLB 2K13 work in Novato, California." (*Id.*)

Babbage is a Texas limited liability company whose principal and representatives are all located in Dallas, Texas. Babbage represents that its documents are located in Dallas, Texas. Babbage provides charts detailing numerous potential party and non-party sources of evidence in the U.S. and whether or not this forum is closer for those parties. Babbage argues that Take-Two provides no statement as to Take-Two Interactive New York, New York and Cincinnati, Ohio offices. Babbage argues that no evidence is provided as to Rockstar's offices in New York, New York; San Diego, California; and near Boston, Massachusetts. Babbage argues that studios that developed accused games are located in this District.

Take-Two argues that the Babbage's charts address video games that were not specifically listed in Babbage's complaint. Take-Two's argument—that Babbage's complaint is limited to specifically accused games—is somewhat perplexing as Babbage's complaint accused both Take-Two's video games that practice the '811 patent generally and a specific exemplary game. The Court is concerned that, if Take-Two is operating under a theory that the case only concerns the specifically accused game and not Take-Two's video games generally, relevant evidence might have been excluded. For example, Take-Two presents evidence that its employees generally (and two witnesses specifically) "knowledgeable about" the "development, sales, finance, and marketing" of the accused product are located in Novatio, California and presents no evidence at all as to New York (Take-Two's headquarters), Ohio, any of Rockstar's

- 5 -

offices; or other developers. It is possible that the evidence in these other facilities is irrelevant and that Take-Two's only U.S. evidence and witnesses "knowledgeable about" the "development, sales, finance, and marketing" of Take-Two's accused games are located in Novatio, but the Court has significant concerns that inconvenient sources of evidence may simply be being omitted.

The weight of the evidence presented by Take-Two's for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

### 2. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

Take-Two's motion provides a chart indicating that its only "Relevant Witness & Document Location" is Novatio, California. Take-Two's motion provides a chart indicating that its only "Development & Testing Location" is Novatio, California. Take-Two argues that the Northern District of California is more convenient for specific potential third party witnesses. As discussed above, Take-Two does not address its locations outside of California or the alleged developers in this District.

Babbage provides the names of five specific potential witnesses in Dallas, Texas. Babbage. Babbage provides charts detailing numerous potential party and non-party sources of evidence in the U.S. and whether or not this forum is closer for those parties. As discussed above, Babbage argues that Take-Two has offices and developers in additional locations.

The weight of the evidence presented by Take-Two for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

The weight of the evidence presented by Take-Two's for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Take-Two argues that its California witnesses would have to travel a shorter distance to reach the Northern District of California than they would to reach the Eastern District of Texas. Take-Two argues that the non-party inventor would not have to travel if the case were transferred. (Mot. at 12.)

Babbage provides evidence that its Dallas, Texas witness would have to travel a shorter distance to reach the Eastern District of Texas than they would to reach the Northern District of California. Babbage provides evidence that this District would be a less expensive venue for traveling witnesses. Babbage provides charts detailing numerous potential party and non-party sources of evidence in the U.S. and whether or not this forum is closer for those parties. Babbage argues that this suit is one of twelve cases before this court concerning infringement of the '811 patent, and that judicial economy weighs in favor of trying those cases in the same court.

The weight of the evidence presented by Take-Two for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

**C.     Public Interest Factors**

   **1.     Administrative Difficulties Flowing From Court Congestion**

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. A proposed transferee court's "less congested docket" and "[ability] to resolve this dispute more quickly" is a factor to be considered. *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). This factor is the "most speculative," and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347.

Take-Two argues that an average time to trial of between two to three years is equivalent. Babbage argues that this District has a six month faster time to trial than the Northern District of California, and the this Court has already held a scheduling conference and provided the case with a schedule.[2]

The weight of the evidence presented by Take-Two for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

   **2.     Local Interest in Having Localized Interests Decided at Home**

This factor considers the interest of the locality of the chosen venue in having the case resolved there. *Volkswagen I*, 371 F.3d at 205-06. This consideration is based on the principle

---

[2] Federal Court Management Statistics for the twelve months ending in September 30, 2013, which appear to be the closest available to this case's filing date (September 23, 2013), recite a median time to trial of 20.5 months in this District and 27.4 months in the Northern District of California. *See* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2013.aspx (last visited September 25, 2014.)

that "[j]ury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation."

The weight of the evidence presented by Take-Two's for this factor does not meet its burden. This factor weighs against transferring to the Northern District of California.

### 3-4. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

These factors are neutral.

## CONCLUSION

A movant seeking to transfer bears the evidentiary burden of establishing that the movant's desired forum is clearly more convenient than the forum where the case was filed. Having considered the evidence presented by the Parties in view of the applicable law, the Court finds that the weight of the evidence presented by Take-Two does not meet its burden of establishing that the Northern District of California is a clearly more convenient forum than the Eastern District of Texas. For the reasons set forth above, the Court hereby **DENIES** Take-Two's Motion to Transfer Venue to the United States District Court for the Northern District of California (Dkt. No. 30).

**So ORDERED and SIGNED this 29th day of September, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE